## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

|  |  |  |
|---|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,** | § § § § § | |
| *Plaintiff,* | § § | **CIVIL NO: 6:23-CV-00276-ADA** |
| *v.* | § § § | |
| **SALESFORCE.COM, INC.,** | § § § | |
| *Defendants.* | § | |

## ORDER

Before the Court is OCO Capital Partners LP's Motion for Attorneys' Fees. Dkt. No. 48. Salesforce filed a response (Dkt. No. 49) and OCO filed a reply (Dkt. No. 50). The Court has reviewed all briefing, the relevant law, and the record of this case. The Court finds that OCO's Motion for Attorneys' Fees (Dkt. No. 48) should be **DENIED**, but that Salesforce should be required to pay OCO's e-discovery vendor costs relating to its review and production of documents as that was agreed to by Salesforce.

Rule 45(d)(2)(B)(ii) states that, when a court orders a nonparty to comply with a subpoena over an objection, "the order must protect" the nonparty "from significant expense resulting from compliance." *Leonard v. Martin*, 38 F.4th 481, 490 n.8 (5th Cir. 2022) (citing Fed. R. Civ. P. 45). In other words, Rule 45 requires a district court to shift a nonparty's cost of complying with a subpoena if those costs are significant. *Id.* (citing *In re Modern Plastics Corp.*, 890 F.3d 244, 252 (6th Cir. 2018); *Legal Voice v Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013); *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001)).

At the hearing where United States Magistrate Judge Derek T. Gilliland ordered OCO to comply with the subpoena, Judge Gilliland stated: "I would say, you know, if it winds up being a

1

lot of documents and going to take a bit of time, it's definitely equitable for Salesforce to be tasked **with covering some -- at least *some* of the cost of what it's asking for.**" Dkt. No. 51, June 2 Hr. Tr. 42:3-7 (emphasis added). The Court agrees that under Rule 45 OCO is entitled to some cost shifting. However, the Court finds that the costs of compliance represented by e-discovery vendor costs relating to OCO's review and production of documents are the costs of compliance which should be shifted. The Court does not find that OCO's cited caselaw supports their proposition that Salesforce must reimburse them for the full extent of their attorneys' fees spent to comply with the subpoena.

Salesforce has represented that it will reimburse OCO for the e-discovery vendor costs. OCO has raised the issue that Salesforce still has not reimbursed them for those agreed costs. The Court finds that under Rule 45, those costs should be born by Salesforce.

Therefore, Salesforce is **ORDERED** to pay the e-discovery vendor costs which it agreed to pay that resulted from OCO complying with the Court's June 28, 2023 Order.

OCO's Motion for Attorneys' Fees (Dkt. No. 48) is **DENIED.**

All other relief not granted herein is **DENIED.**

**SIGNED** on February 24, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE